IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 30, 2026

**IN RE ESTATE OF ESTHER SANDRA MCCLANAHAN**

**Appeal from the Chancery Court for Williamson County**
**No. 22-PR-12407     Jakob Schwendimann, Clerk and Master**

---

**No. M2026-00626-COA-T10B-CV**

---

This is an interlocutory appeal, filed pursuant to Tennessee Supreme Court Rule 10B, from a clerk and master's denial of a motion to recuse. Finding that the appeal of the clerk and master's ruling should have gone to the Chancellor, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which KRISTI M. DAVIS and VALERIE L. SMITH, JJ., joined.

Sandra McClanahan, Brentwood, Tennessee, pro se.

Michael McClanahan, Thompson Station, Tennessee, pro se.

**OPINION**

This appeal involves a petition for recusal of the Clerk and Master of Williamson County, Jakob L. Schwendimann. By local rule in Williamson County, "The Clerk and Master will hear all decedent estate matters and will establish the day-to-day procedures." 21st Dist. Local R. 4. A clerk and master is not a judge but is a judicial officer. Therefore, recusal is governed by Tenn. Sup. Ct. R. 10B, § 4, which states *in toto*:

4.01. Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judicial officer acting in a capacity other than as judge of a court of record or as an appellate judge shall do so by timely making a written or oral motion. A written motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. A motion, whether written or oral, shall state with specificity all factual and legal grounds supporting disqualification of the judge and shall affirmatively state

that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. A party who is represented by counsel is not permitted to make a pro se motion under this rule.

4.02. While the motion is pending, the judicial officer whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken.

4.03. Upon the making of a motion pursuant to section 4.01, the judicial officer shall act promptly and, in writing, either grant or deny the motion. A written notation of the ruling on the judgment, warrant, citation, or other pleading before the judicial officer shall meet the writing requirement of the foregoing sentence; a separate written order is not required.

4.04. Judicial review of the denial of a motion made under section 4.01 necessarily depends on the forum in which the motion is made and is governed by the law applicable to that forum.

An appeal from a denial of a motion to recuse by a clerk and master would not proceed to the Court of Appeals. In accordance with TENN. SUP. CT. R. 10B, § 4.04, the appeal should have gone to the chancellor.  21st Dist. Local R. 5 ("A request for review or 'appeal' to the Chancellor may be made on any order entered by the Clerk and Master on a contested matter.").

The appeal is dismissed. Costs of this appeal are assessed against the appellant, Sandra McClanahan, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE